# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| H.M.T., by and through her parents and next friends Ce.T. and Ma.T., ) ) ) | |
| Plaintiff, ) | NO. 3:22-cv-00402 |
| ) | |
| v. ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| METROPOLITAN GOVERNMENT OF ) NASHVILLE AND DAVIDSON ) COUNTY, ) ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is a Motion to Dismiss filed by Defendant Metropolitan Government of Nashville and Davidson County ("Metro"). (Doc. No. 11). Plaintiff H.M.T. filed a Response (Doc. No. 15), and Metro filed a Reply (Doc. No. 19).

For the reasons discussed below, Defendant's Motion to Dismiss will be **GRANTED**.

### I. BACKGROUND[1]

The alleged sexual harassment in this case involves two elementary school students. During the spring of 2021, a first-grade male student, sent Plaintiff, a third-grade female student, explicit photographs and videos and requests for nude photos through email provided by the school using the school's online servers. (¶¶ 6-12). The emails were sent on three days during a ten day period in April and May 2021. (¶¶ 11-12). Plaintiff's parents discovered the emails and informed the school. (¶ 13). In response, the assistant principal informed the parents that the school opened a case with the Department of Children's Services, contacted the Metro Nashville Police

---

[1] The factual background is drawn from the Complaint (Doc. No. 1-1), which is cited as "¶ __."

Department, and addressed the issue with the student's parents. (¶ 14). The parents met with the school system's information technology department (the "IT department"), which informed them that although they had firewalls in place to prevent students from accessing certain websites, they did not have systems in place to monitor images and contents of messages sent by email. (¶¶ 15-19). Plaintiff's parents requested the school system implement a software program that identify pornographic images in email communications and provided several examples of programs used by other school districts. (¶¶ 18-19). The school district denied their request. (¶ 25). Because MNPS refused to implement an email screening program, Plaintiff withdrew from the school. (¶ 20).

Plaintiff brings claims under Title IX, 20 U.S.C. § 1681, and 42 U.S.C. § 1983, and state law negligence claims. In response to Defendant's Motion to Dismiss, Plaintiff stated that she intends to voluntarily dismiss the negligence claims. (Doc. No. 15 at 2, n.1). Accordingly, the Court will not consider the merits of the negligence claims and those claims will be dismissed.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.    ANALYSIS

### A. Title IX

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A school can be liable under Title IX for "subjecting 'students to discrimination where [the school] is deliberately indifferent to known acts of student-on-student sexual harassment and the harasser is under the school's disciplinary authority.'" *Doe on behalf of Doe #2 v. Metropolitan Government of Nashville and Davidson County*, 35 F.4th 459, 463 (6th Cir. 2022), request for hearing en banc denied, cert. denied (quoting *Davis v. Monroe Cty. Bd. of Ed.*, 526 U.S. 629, 646-47 (1999)). The standard for liability is high and applies only "in certain limited circumstances." *Kollaritsch v. Mich. State Univ. Bd. of Trustees*, 944 F.3d 613, 619-20. (6th Cir. 2019) (citing *Davis*, 526 U.S. at 650).

A prima facie case for violations of Title IX based on student-on-student harassment requires: (1) sexual harassment that "was so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school"; (2) the school "had actual knowledge of the sexual harassment"; and (3) the school "was deliberately indifferent to the harassment." *Doe*, 35 F.4th at 463 (quoting *Pahssen v. Merrill*

3

*Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012)); *see also Kollaritsch*, 944 F.3d at 619-20 (compressing the test to two components: (1) actionable harassment by a student; and (2) deliberate indifference by the school). Defendant argues that Plaintiff's allegations do not satisfy the deliberate indifference component of a prima facie case.

"Ordinarily, 'deliberate indifference' means that the defendant both knew and consciously disregarded the known risk to the victim." *Kollaritsch*, 944 F.3d at 621. In *Kollaritsch*, the Sixth Circuit instructed that, in the context of peer-on-peer sexual harassment, a plaintiff must plead the four elements of a deliberate-indifference-based claim: (1) knowledge – that the school had knowledge of an incident of actionable sexual harassment that prompted or should have prompted a response; (2) action – the school responded in a way that was "clearly unreasonable in light of the known circumstances," thus demonstrating the school's deliberate indifferent to the foreseeable possibility of further actionable harassment of the victim; (3) causation – after the school knew of the harassment, the victim suffered further harassment, which would not have happened but for the clear unreasonableness of the school's response; and (4) injury – the victim was deprived of "access to the educational opportunities or benefits provided by the school." *Id.* at 621-22.

Defendant argues that the Complaint fails to plausibly allege the second and third element: (a) that the school's response was "clearly unreasonable in light of the known circumstances;" and (b) that after the school knew of acts of harassment, Plaintiff suffered further acts of harassment which would not have happened but for the clear unreasonableness of the school's response. (Doc. No. 12 at 5 (citing *Kollaritsch*, 944 F.3d at 622)). Plaintiff argues that the *Kollaritsch* standard does not apply here because *Davis v. Monroe Cty. Bd. of Ed.*, the only Supreme Court decision to address student-on-student sexual harassment, does not require that the student suffer further

harassment after the school is alerted to sexual harassment, leaving opening the possibility that a clearly unreasonable response in light of the circumstances is enough to show deliberate indifference. (Doc. No. 15 at 5 (citing *Davis*, 526 U.S. 629)). Plaintiff adds that, under *Doe*, a plaintiff may bring a claim based on the school district's inadequate response to wide-spread instances of sexual harassment (even if none of those instances involve the plaintiff) and that she should be permitted to discovery concerning the school district's knowledge of sexual harassment through its email system. (*Id*. at 6-7 (citing *Doe*, 35 F.4th at 465-66)).

Even if a plaintiff may bring a claim under Title IX based solely on a school's inadequate response to a single report of sexual harassment, deliberate indifference requires, at a minimum, that the school's response was "clearly unreasonable in light of the known circumstances." *M.D. v. Bowling Green Indep. Sch. Dist.*, 709 F. App'x 775, 777 (6th Cir. 2017) (citing *Davis*, 526 U.S. at 648). The Supreme Court has instructed that "courts must 'refrain from second-guessing the disciplinary decisions made by school administrators,' who are 'not required to engage in particular disciplinary action,'" *id*., or to "purge the school of actionable peer harassment." *Davis*, 526 U.S. at 648. The Supreme Court has also instructed that "[i]n an appropriate case, there is no reason why courts, on a motion to dismiss …, could not identify a response as not "clearly unreasonable" as a matter of law. The Court finds that this is such a case.

As alleged in the Complaint, Plaintiff brought a series of inappropriate emails to the schools attention. (Compl. ¶ 13). The emails were sent by a single first-grade student between April 25, 2021 and May 4, 2021. (*Id*. ¶¶ 11-12). Plaintiff has not alleged that the first-grader's inappropriate use of the school email system was indicative of a systemic problem. The school responded to Plaintiff's complaint of harassment by opening a case with the Department of Children's Services, contacting the Metro Nashville Police Department, and addressing the issue with the first-grade

5

student's parents. (*Id*., ¶ 14). The school district denied the parents' request to purchase and implement software to identify pornographic images in e-mails. (*Id*. ¶ 18,19).

The school's response, as alleged in the Complaint, including its refusal to implement an email filter, was not "clearly unreasonable" in light of the circumstances. Plaintiff's Title IX claim based on Defendant's response to her complaint of sexual harassment therefore fails as a matter of law.

Plaintiff's argument that discovery may show that the school district was aware of widespread instances of sexual harassment through the district's email system, does not save her claim. In reviewing a motion to dismiss, the Court is limited to the allegations in the Complaint. In this case, the Complaint is devoid of any suggestion that the school district was aware that misuse of its email system to send pornographic images was a widespread problem, particularly by elementary school students.

**B. Constitutional Violation**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's claim that Defendant violated the Equal Protection Clause of the Fourteenth Amendment is evaluated using "substantially the same" deliberate indifference standard as that applied in Title IX cases. *Stiles v. Grainger Cty*., 819 F.3d 834, 852 (6th Cir. 2016).

Accordingly, for the reasons stated above, Plaintiff fails to plead a constitutional violation and her claim under 42 U.S.C. § 1983 will be dismissed.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (Doc. No. 11) will be GRANTED. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE